UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

CLEAN EARTH REMEDIATION AND            :
CONSTRUCTION SERVICES, INC.
                                       :
                    Plaintiff,         :        05 Civ. 3651 (LTS)(HBP)
                                       :
      -against-
                                       :        MEMORANDUM OPINION
AMERICAN INTERNATIONAL GROUP,                   AND ORDER
INC., et al.,                          :

                    Defendants.        :

----------------------------------X

          PITMAN, United States Magistrate Judge:


I.   Introduction


          Defendants/Third-Party Plaintiffs, National Union Fire

Insurance Company and American International Group, Inc. (collec-

tively, "Defendants"), move for an Order pursuant to Fed.R.Civ.P.

37 directing plaintiff to answer certain interrogatories, to

preclude plaintiff from offering certain evidence and for other

sanctions (Docket Item 28).  For the reasons set forth below,

defendants' motion is granted in part and denied in part.


II.  Facts


          This is an action for damages arising out of a compli-

cated series of transactions.  Plaintiff, a remediation and

construction company, contracted with the City of New York to

perform remediation work in connection with a landfill restora-

tion project in Brooklyn, New York.  The contract required that plaintiff post performance and payment bonds for the benefit of the City of New York; defendants acted as the surety on these bonds.  In an irony of ironies, Polar Capital, the escrow agent that was apparently retained to minimize the likelihood of diversion of funds from the site's owner, allegedly embezzled or otherwise lost the funds.  After Polar Capital failed to comply with requests from both plaintiff and defendants to return the $2 million in escrow, plaintiff sued Polar Capital in New Jersey Superior Court and recovered a portion of the monies.  Plaintiff now brings suit in this Court to recover the monies not recovered by the judgment in New Jersey, as well as legal fees that it has allegedly incurred.

On March 31, 2006, defendants served plaintiff with interrogatories concerning plaintiff's claims and its affirmative defenses to defendants' counterclaim[1] (Certification of James

_____

[1]Defendants served a single set of twenty-nine interrogatories (Mulvaney Cert. ¶ 7), notwithstanding the provisions of Fed.R.Civ.P. 33(a) which limit each party to 25 interrogatories.  Although defendants claim that the parties orally agreed that defendants could exceed twenty-five interrogatories (Mulvaney Cert. ¶ 7), plaintiff denies the existence of such an agreement (Brief of Plaintiff and Third Party Defendant in Opposition to Defendants' Motion, dated February 13, 2007 ("Pl. Opp."), at 9).  Plaintiff objected to the number in their responses to the interrogatories (Mulvaney Cert., Ex. 7 at 4).  Because defendants do not offer any evidence of a written stipulation or a stipulation in open court, the
(continued...)

Mulvaney, Esq. in Support of Defendants' Motion for Discovery Relief, Sanctions and Related Relief, dated January 31, 2007 ("Mulvaney Cert."), ¶ 6 & Ex. 4).

When answers were not forthcoming in a timely manner, defendants informally requested that plaintiff's counsel respond to the interrogatories on multiple occasions from June 2006 through November 2006 (Mulvaney Cert. ¶ 8).  On or about November 28, 2006, defendants wrote to my Chambers and requested a conference pursuant to Local Civil Rule 37.2 of the United States District Court for the Southern District of New York prior to filing a motion for sanctions based on of plaintiff's failure to respond to the interrogatories (Mulvaney Cert., Ex. 5).  As a result of this letter, I conducted a tape-recorded conference call to address this issue on December 7, 2006.  During the conference, plaintiff's counsel, William Kerr, admitted that he had repeatedly promised and failed to provide answers to the interrogatories; Mr. Kerr explained that his delay was due, in part, to the fact that he had been recently diagnosed with an illness that rendered him unable to complete the requests in a

_____

(...continued)
stipulation claimed by Defendants is unenforceable.  N.Y. C.P.L.R. § 2104; see Powell v. Omnicom, Docket No. 06-0300-cv, 2007 WL 2241494 at *3, n. 2 (2d Cir. Aug. 7, 2007); Monaghan v. SZS 33 Assocs., L.P., 73 F.3d 1276, 1283 n.3 (2d Cir. 1996).  However, since plaintiff did respond to all twenty-nine questions I shall address the parties' arguments concerning the sufficiency of the answers.

timely manner (Conference call held on December 7, 2006).  As a
result of the conference call, I issued an Order directing
plaintiff to respond to the interrogatories no later than Decem-
ber 15, 2006 (Order dated December 8, 2006).

Counsel for defendants wrote to counsel for plaintiff
on December 21, 2006, advising that defendants found the re-
sponses to the interrogatories to be "wholly unresponsive," and
cited to plaintiff's failure to provide "fact(s) upon which
[plaintiff] would rely to prove [its] allegations and separate
defenses" (Mulvaney Cert., Ex. 9).  Counsel for both parties had
a telephone conversation to discuss the responses to the inter-
rogatories on December 28, 2006.  Defendants claim that plain-
tiff's counsel conceded during that call that the interrogatory
responses provided no facts in support of plaintiff's allega-
tions.  Defendants also claim that plaintiff's counsel suggested
that plaintiff might be willing to drop certain counts in the
complaint if it were allowed to amend certain other counts;
according to defendants, counsel agreed that such amendment would
have rendered at least two of the interrogatories moot (Mulvaney
Cert. ¶ 18).  During the telephone conversation, defendants also
agreed that Interrogatory 6 needed no further response, and that
Interrogatory 9 was duplicative of Interrogatory 7 so that only
Interrogatory 7 needed a more complete answer (Mulvaney Cert. ¶
20).

Defendants also claim that during the call they in-
sisted that, with the exception of Interrogatories 6 and 9,
plaintiff must provide "complete and full responses" whether or
not the complaint was actually amended (Mulvaney Cert. ¶ 20).
Defendants contend that plaintiff's counsel agreed to these
conditions and further agreed to provide a letter confirming this
agreement and to file a motion for leave to amend with the Court
(Mulvaney Cert. ¶ 22).  Plaintiff never confirmed the purported
agreement in writing, never moved to amend the complaint and
never provided supplemental answers to the interrogatories
(Mulvaney Cert. ¶ 23).

Plaintiff's description of the December 28, 2006
telephone conference is materially different.  Plaintiff claims
that defendants were unwilling to explain the nature of the
alleged deficiencies in the interrogatory answers except to
assert that they were incomplete (Pl. Opp. at 5).  Plaintiff
further claims that it never agreed to supplement the answers to
all of the interrogatories (Pl. Opp., at 5 n.2).  Plaintiff also
contends that while it did offer to withdraw counts certain
counts of the complaint, defendants still required all the
interrogatories to be supplemented (Pl. Opp., at 5-6).

Defendants claim that plaintiff has not provided
responsive answers, and that it provided "stock answers" to
"virtually every interrogatory seeking facts upon which Plaintiff

would rely in support of its allegations in the complaint" (Brief of Defendants in Support of Motion for Discovery Relief, Preclusion of Evidence, a Finding of Contempt and For Fees, dated January 31, 2007 ("Def. Mtn."), at 7). Specifically, defendants argue that plaintiff improperly objected to the interrogatories on the grounds that they were "an attempt to elicit trial strategy, that the information was protected by the attorney work product doctrine or that the interrogatory was overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence" (Def. Mtn. at 7).

In the pending motion, defendants move for: (1) an Order declaring plaintiff in violation of my December 8, 2006 Order and compelling it to provide answers; (2) preclusion of plaintiff from offering evidence in support of its claims and affirmative defenses; (3) a finding that plaintiff is in contempt of Court; (4) the costs of the motion; and (5) such other sanctions as the Court deems appropriate (Def. Mtn., at 1).

Plaintiff argues that none of the relief defendants seek is warranted because it is in full compliance with my December 8, 2006 Order and properly answered the interrogatories

by December 15, 2006.   Plaintiff further contends that its

objections were proper (Pl. Opp. at 7-8, 10-11).[2]

III.  Analysis

        Although Fed.R.Civ.P. 33 permits each party to serve up

to twenty-five interrogatories concerning any matter that is a

permissible subject of discovery under Fed.R.Civ.P. 26(b)(1),

Local Civil Rule 33.3 places the following substantial additional

limits on the use of interrogatories in this District:

> (a)  Unless otherwise ordered by the court, at the
> commencement of discovery, interrogatories will be
> restricted to those seeking names of witnesses with
> knowledge of information relevant to the subject matter
> of the action, the computation of each category of
> damage alleged, and the existence, custodian, location,
> and general description of relevant documents. . . .
>
> (b)  During discovery, interrogatories other than
> those seeking information described in paragraph (a)
> above may only be served (1) if they are a more practi-
> cal method of obtaining the information sought than a
> request for production or a deposition, or (2) if
> ordered by the court.
>
> (c)  At the conclusion of other discovery, and at
> least 30 days prior to the discovery cut-off date,

-----

[2] Plaintiff also argue that the motion is barred by Local
Civil Rule 37.2 because defendants' counsel did not first request
an informal conference with the court before making its motion
(Pl. Opp. at 3).  However, because I agree with plaintiff that,
with one exception, it has sufficiently responded to the
interrogatories, it is more efficient to reach the merits of the
parties' arguments.

> interrogatories seeking the claims and contentions of
> the opposing party may be served unless the court has
> ordered otherwise.

Local Civ. R. 33.3.

Defendants do not argue that the interrogatories are a more practical method of obtaining the information sought, that the interrogatories were permitted by court order or that the interrogatories constitute contention interrogatories served at the conclusion of discovery.  Accordingly, the interrogatories are subject to the limitation set forth on paragraph (a) of Local Civil Rule 33.3.

Defendants' motion does not single out any specific interrogatory responses as being inadequate.  Accordingly, I interpret the motion to assert that all of the interrogatory responses are deficient.

Eighteen of the twenty-nine interrogatories seek identification of all facts upon which plaintiff will rely to support specific allegations underlying its claims and affirmative defenses.[3]  These interrogatories are all in the following form:

> State each fact upon which Plaintiff will rely to
> support the allegations of Paragraphs [] through [] of
> its complaint herein and identify each person having
> knowledge of each such fact.  If any fact is contained
> in any document(s), identify the document(s) and attach
> a copy of such document(s) hereto.

---

[3]Interrogatories 5, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 24, 25, 26, 27 and 28 are in this category.

Defendants use these interrogatories to inquire about the facts underlying paragraphs 12-15, 16-19, 25, 27-30, 32-37, 39-42, 44-46, 47-48, 51, 52-57, 60-62, and 63-69 of the complaint, as well as the five affirmative defenses asserted in plaintiff's reply to defendants' counterclaims.

Plaintiff responded to each of the foregoing interrogatories by asserting objections and then identifying the witness and categories of documents that plaintiff believes would be sources of relevant information.  For example, Interrogatory 5 and its response provide as follows:

> 5.    State each fact upon which Plaintiff will rely to support the allegations of Paragraphs 12 through 15 of its complaint herein and identify each person having knowledge of each such fact.  If any fact is contained in any document(s), identify the document(s) and attach a copy of such document(s) hereto.

> **Response**:

> In addition to its general objections, CERCS objects to this interrogatory to the extent that it attempts to elicit trial or litigation strategy [that] is protected by the work product doctrine.  Further, this interrogatory is overly broad, burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding these general and specific objections, the following persons have knowledge of each such facts:  F. Barbella, E. Sheehan, C. Rosenberg, R. Staples, H. Willis.  Further, these facts are contained in the following documents:  the application file, surrounding correspondence and both of the escrow agreement; all of which have already been produced.

(Mulvaney Cert., Ex. 7 at 8).

        To the extent that the foregoing interrogatories seek
identification of each fact supporting an allegation, they
clearly go beyond the scope permitted by Local Civil Rule
33.3(a).  Moreover, notwithstanding the limitations of Local
Civil Rule 33.3, a number of cases have held that interrogatories
seeking identification of all facts supporting a particular
allegation are inherently improper.  Grynberg v. Total S.A., 03-
cv-01280-WYD-BNB, 2006 WL 1186836 at *6-*7 (D. Col. May 3, 2006);
Convolve, Inc. v. Compaq Computer Corp., 223 F.R.D. 162, 173
(S.D.N.Y. 2004); Thompson v. United Transp. Union, Civ.A. 99-
2288-JWL, 2000 WL 1375293 at *1 (D. Kan. Sept. 15, 2000); Hiskett
v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D. Kan. 1998);
Hilt v. SFC Inc., 170 F.R.D. 182, 186-87 (D. Kan. 1997); see also
First Union Fund Ltd. v. American Banker, Inc., 127 Misc.2d 247,
251, 485 N.Y.S.2d 489, 493 (Sup. Ct. Nassau Co. 1985).  Finally,
those courts that have permitted such interrogatories have
characterized them as contention interrogatories.  Twigg v.
Pilgrim's Pride Corp., Civil Action No: 3:05-CV-40, 2007 WL
676208 at *11 (N.D. W. Va. Mar. 1, 2007); Wilson v.
Thompson/Center Arms Co., Inc., Civil Action No. 05-6493-KDE-SS,
2006 WL 3524250 at *1 (E.D. La. Dec. 5, 2006).  As contention
interrogatories, they were not served at the appropriate time.
Finally, I note that notwithstanding the improper nature of the
interrogatories, plaintiff did not merely object.  Notwithstand-

ing its objections, plaintiff went on to respond to the interrogatories by providing the information that is permissibly sought pursuant to Local Civil Rule 33.3(a).  Accordingly, given the problematic nature of the interrogatories themselves and the fact the plaintiff did provide the information that was within the scope of Local Civil Rule 33.3(a), I conclude that plaintiff's answers to Interrogatories 5, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 24, 25, 26, 27 and 28 are sufficient.

The remaining interrogatories -- Interrogatories 1, 2, 3, 4, 6, 8, 20, 21, 22, 23 and 29[4] -- do not have any unifying feature except that each is limited to a specific factual inquiry.  For example, interrogatories 1, 2 and 20 provide as follows:

> 1.  Identify all persons answering and/or contributing to answering these interrogatories and state their position as Plaintiff and/or Third Party Defendant and any period of employment or association with Plaintiff and/or Third Party Defendant.
>
> 2.  Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, and state the subject matter of the information possessed by that person.
>
> 20.  State whether or not Plaintiff was represented by counsel in connection with or in any way related to the transactions described in Paragraphs 10 through 24 of the complaint and identify each attorney representing Plaintiff in any of the

---

[4]Interrogatory 29 was incorrectly labeled in defendants' interrogatory set as Interrogatory 28.

transactions or activities describe[d] in Para-
graphs 10 through 24 of the complaint.

(Mulvaney Cert., Ex. 4 at 3, 6).

I have reviewed plaintiff's responses to these remain-
ing eleven interrogatories and, with one exception, find that
plaintiff's responses are sufficient.  Notwithstanding the fact
that these interrogatories generally go beyond the scope of Local
Civil Rule 33.3(a), plaintiff consistently provided responsive
and apparently complete information.  Indeed, after reviewing
plaintiff's responses to these interrogatories I am left wonder-
ing why defendants moved with respect to these interrogatories.

The one exception is Interrogatory 21:

21.  Identify each insurance person, agency or broker
with whom Plaintiff had any communications regard-
ing or with respect to the bond(s), any insurance
policies and/or any escrow and disbursing agent
concerning the contract referred to in Paragraph
10 of the complaint.  If any such communication is
contained in any document(s), identify the docu-
ment(s) and attach a copy of such document(s)
hereto.

**Response**:

Subject to its General Objections, [plaintiff]
solely had communications with Chad Rosenberg and
MaryJean Wilson of Rosenberg and Parker.  Correspon-
dence demonstrating same in the form of numerous let-
ters and e-mails between and among [plaintiff] and
Defendants have already been produced.

(Mulvaney Cert., Ex. 7 at 16).

Plaintiff's identification of the relevant documents as
"correspondence demonstrating same in the form of numerous

12

letters and e-mails between and among [plaintiff] and Defendants"
does not adequately identify the documents which plaintiff is
referring.  Accordingly, within ten (10) days of the date of this
Order, plaintiff is directed to serve a supplemental response to
Interrogatory 21 more specifically identifying the responsive
documents.

Defendants also argue that plaintiff has waived its
objections to the interrogatories because plaintiff did not
timely serve objections (Def. Mtn. at 8).  However, "waiver is
always an issue within the sound discretion of the Court." Cotto
v. Clark Investigations & Sec. Servs., Ltd., 03 Civ. 2878
(RMB)(DFE), 2003 WL 22358797 at *1 (S.D.N.Y. Oct. 16, 2003),
citing Williams v. Kreiger, 61 F.R.D. 142, 145 (S.D.N.Y.
1973)(Pollack, J.).  Plaintiff's counsel provided a valid reason
for at least some of the delay during the December 7, 2006
telephonic conference.  In addition, plaintiff clearly provided
substantially more information in response than would be required
by a strict reading of the rules.  For these reasons, I decline
to find that plaintiff has waived the right to assert objections.

IV.  Conclusion

Accordingly, for all the foregoing reasons, defendants'
motion is granted to the extent that plaintiff is directed to
serve a supplemental response to Interrogatory 21 within ten (10)

days of the date of this Order.  In all other respects, defen-

dants' motion is denied.  Since I find that the major portion of

defendants' motion lacks merit, I decline to award any attorney's

fees.

Dated:     New York, New York
           August 23, 2006

                                   SO ORDERED


                                   _____
                                   HENRY PITMAN
                                   United States Magistrate Judge


Copies transmitted to:

William B. Kerr, Esq.
Suite 9B
300 East 95 Street
New York, New York 10128

James M. Mulvaney , Esq.
McElroy, Deutsch, Mulvaney
   & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962